**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Attorneys for Plaintiff, the Putative Class, the LWDA, and the Aggrieved Employees

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA L. SALCEDO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PACIFIC GRAIN & FOODS, LLC, a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO:<br><br>**PLAINTIFF'S CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES (LABOR CODE §§ 1194, 1197, 1197.1, 1198, 1199);**<br>**(2) FAILURE TO PAY OVERTIME WAGES (LABOR CODE § 510);**<br>**(3) FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. §§ 207, 2011(c), 216(b));**<br>**(4) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226);**<br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br>**(6) FAILURE TO PAY TIMELY WAGES (LABOR CODE §§ 204, 210);**<br>**(7) FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER 8-2001);**<br>**(8) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204);**<br>**(9) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2698 – 2699.5).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sandra L. Salcedo ("Plaintiff"), on behalf of herself, the State of California, other aggrieved employees, and all others similarly situated (hereinafter "Class Members"), complains and alleges as follows:

## OVERVIEW OF CLAIMS

1.      Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), as part of a collective action, under the Fair Labor Standards Act of 1948 ("FLSA"), 29 U.S.C. § 216(b), and as a representative action pursuant to Labor Code § 2699, *et seq.*, and on behalf of the California general public, against Defendant Pacific Grain & Foods, LLC and DOES 1 to 100 ("Defendants") for (1) failure to pay all minimum wages due for time spent in pre-shift COVID temperature checks and completing COVID- questionnaires pre-shift; (2) failure to pay overtime wages; (3) failure to provide complete wage statements to its current and former employees in California within the one year prior to the filing of this Complaint; (4) waiting time penalties; (5) failure to pay timely wages to employees based on the foregoing; (6) failure to provide compliant meal periods and pay missed meal period premiums; (7) unfair business practices based on the foregoing; and (8) PAGA and other penalties based on the foregoing. The collective action claims are for overtime compensation, liquidated damages or interest, and attorneys' fees and under FLSA §§ 207 and 216(b). As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.      The "Class Period" is designated as the period from four years prior to the filing of this action through the trial date. The FLSA Collective Action Period is two years prior to the filing of this action through the present and ongoing. The PAGA Period is one year from the sending of Plaintiff's March 22, 2022, PAGA letter to the LWDA (i.e., from March 22, 2021) through the present and on-going. Defendants' violations of California's wage- hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period and PAGA Period.

## VENUE

3.      Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C

section 1391(b)(2) because Defendants operate within California and do business within Fresno County, California, and all or a substantial part of the events or omissions giving rise to the claims at issue occurred within the Eastern District.  The unlawful acts alleged herein have a direct effect on Plaintiff and all of Defendants' employees within Fresno County.

## JURISDICTION

4.     This Court has subject matter jurisdiction over Plaintiff's federal claim for unpaid overtime pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendants.

## PAGA NOTICES

5.     Plaintiff has duly exhausted her administrative remedies under PAGA and provided notification of her PAGA claims to Defendants and to the Labor and Workforce Development Agency ("LWDA") beginning on March 22, 2022.

## THE PARTIES

6.     Plaintiff is a California resident who worked for Defendants during the relevant time period.

7.      From at least four years from the filing of this complaint through the present, and on-going, Defendants' employees, at various times throughout the Class Period, including Plaintiff during her employment, were not paid all minimum wages and/or overtime wages owed for time spent in pre-shift COVID-19 temperature checks and completing COVID-19 questionnaires pre-shift; were not provided accurate and/or complete wage statements; did not receive all final wages owed; did not receive timely wages; and did not receive second meal periods when working shifts of at least ten hours.

8.     Plaintiff represents the state of California and the following group of aggrieved employees defined as:

> Plaintiff and all other hourly-paid individuals who are or were employed by Defendant, in California and who worked at least one pay period in California from March 22, 2021 through the present and ongoing (the "PAGA Period") (hereinafter these workers are

referred to as "Aggrieved Employees").

9.      Plaintiff also seeks to represent a Class defined as:

Plaintiff and all other hourly-paid individuals who are or were employed by Defendant, in California and who worked at least one pay period in California from four year prior to the filing of this Complaint through the present and ongoing (hereinafter these workers are referred to as the "Class" or "Class Members").

10.     The FLSA claim is brought on behalf of Plaintiff and all other similarly situated hourly paid employees who worked more than forty hours and were not paid overtime wages (or at all) for the time spent pre-shift on COVID-19 screenings and temperature checks for the period of time from two years prior to the filing of this case through the present.

11.     Defendant Pacific Grain & Foods, LLC is a California Limited Liability Company doing business in Fresno County. Defendant is a dry, bulk ingredient supplier and private label packager of organic and conventional dry beans, rice, grains, soups, spice, and nuts/snack products for national corporations, bulk food suppliers, and mom and pop companies in America and abroad.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

13.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff, the Class, and the Aggrieved Employees.

14.     Defendants employed Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees as hourly-paid employees in California at various times during the

1  Class Period and PAGA Period. On information and belief, Defendants employed several hundred

2  hourly-paid employees in California during the Class Period.

3  **FACTUAL ALLEGATIONS**

4      15.    Defendants operate and, at all times during the Class Period, the FLSA Period, and

5  PAGA Period, have done business in California. Defendants, in the course of operating their

6  business in California during the Class Period and PAGA Period, employed Plaintiff, the Class,

7  and the Aggrieved Employees as hourly-paid workers.

8      16.    Labor Code § 1197 states the California requirement that employees must be paid at

9  least the minimum wage fixed by the Commission or by any applicable state or local law, and any

10  payment of less than the minimum wage is unlawful. Similarly, Labor Code § 1194 entitles "any

11  employee receiving less than the legal minimum wage…to recover in a civil action the unpaid

12  balance of the full amount of this minimum wage." IWC Wage Order No. 17-2001 obligates

13  employers to pay each employee minimum wages for all hours worked. These minimum wage

14  standards apply to each hour employees worked for which they were not paid. Therefore, an

15  employer's failure to pay for any particular hour of time worked by an employee is unlawful, even

16  if averaging an employee's total pay over all hours worked, paid or not, results in an average

17  hourly wage above minimum wage. *Armenta*, 135 Cal.App.4th at 324.

18      17.    Here, beginning at least as of October 2020, if not earlier, Defendant required

19  Plaintiff, the Class, and all Aggrieved Employees to undergo pre-shift COVID-19 temperature

20  checks and to complete a questionnaire related to COVID-19 upon entering Defendants' premises

21  and before they clocked in for the start of their shifts. Although Defendants maintained a common

22  policy and practice of requiring Plaintiff, the Class, the FLSA similarly situated employees, and

23  the Aggrieved Employees to complete the temperature checks along with a questionnaire related to

24  COVID-19 symptoms before clocking in, Defendants failed to compensate Plaintiff, the Class, the

25  FLSA similarly situated employees, and the other Aggrieved Employees for such time. This

26  COVID screening typically took 2 to 5 minutes daily to complete, and was frequently done for

27  employees who were already working a full 40 hour work week.

28      18.    Employees must be paid for all "hours worked." Hours worked is "the time during

which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *See* Wage Order 4-2001, Subd. 2(K); *see also Mendiola v. CPS Security Solutions, Inc.* (2015) 60 Cal. 4th 833. "[I]t is only necessary that the worker be subject to the control of the employer in order to be entitled to compensation." *Morillion v. Royal Packing Co.* 22 Cal. 4th 575, 584 (2000). An employee is under the employer's control and entitled to compensation when the employer "'directs, commands or restrains' an employee." *Morillion,* 22 Cal. 4th at 583 (citation omitted).

19.     As the California Supreme Court made clear in *Morillion*, when determining whether an employee's activity is under the employer's control entitling him or her to compensation, the touchstone is not whether the employer requires the activity and thus whether employees can avoid it, but the level of control employers exert over employees during the activity: "The level of the employer's control, *rather than the mere fact that the employer requires the employees' activity is determinative.*" *Morillion,* 22 Cal.4th at 587 (emphasis added).

20.     In *Frlekin v. Apple Inc.*, (2020) 8 Cal. 5th 1038, 1051 (citing *Morillion*, 22 Cal.4th at 587) the California Supreme Court reaffirmed its holding in *Morillion* that "[t]he level of the employer's control over its employees, rather than the mere fact that the employer requires the employees' activity, is determinative" concerning whether an activity is compensable under the "hours worked" control clause. In *Frlekin*, the California Supreme Court found that time employees spent undergoing bag searches on-site at the end of their shifts was compensable. The Court reasoned its decision by analyzing factors in determining whether an employer has exerted compensable control over employees:

> We also emphasize that whether an activity is required remains probative in determining whether an employee is subject to the employer's control. But, at least with regard to cases involving *onsite* employer-controlled activities, the mandatory nature of an activity is not the only factor to consider. We conclude that courts may and should consider additional relevant factors—including, but not limited to, the location of the activity, the degree of the employer's control, whether the activity primarily benefits the employee or employer, and whether the activity is enforced through disciplinary measures—when evaluating such employer-controlled conduct.

*Frlekin* at 1056.

21.    To be free of the employer's control for purposes of "hours worked," the employee must be free to use his or her time "effectively for his or her own purposes." *Morillion,* 22 Cal.4th at 583.

22.    Here, as in *Frlekin,* the Class, the FLSA similarly situated employees, and Aggrieved Employees could not avoid Defendants' COVID-19 temperature checks and completion of questionnaires (which took place on Defendants' premises and before they could clock in) and they could not then use their time effectively for their own purposes. As such, Defendants exercised compensable control over the Class, the FLSA similarly situated employees, and Aggrieved Employees who were required to take pre-shift COVID-19 temperature checks and complete questionnaires and owe wages to those Class Members, the FLSA similarly situated employees, and Aggrieved Employees for this time. See e.g., *Boone v. Amazon.com Servs., LLC* (E.D. Cal. Mar. 11, 2022, No. 1:21-cv-00241-DAD-BAM) 2022 U.S. Dist. LEXIS 44138, at *22 (rejecting motion to dismiss overtime claims under the FLSA and state law based on pre shift temperature checks and COVID screenings and stating, "plaintiffs have sufficiently alleged that they were subject to defendant's control while they spent time awaiting and undergoing the COVID-19 screening checks—time that constitutes 'hours worked' under California law")

23.    Notably, there is no de minimis defense for such time. *See, Troester v. Starbucks Corp.*, 5 Cal.5th 829 (2018) (the California Supreme Court held that the de minimis principle was not applicable in the context of an alleged policy requiring employees to work minutes off the clock routinely; *see also*, *Frlekin*, 2020 Cal. LEXIX 547 (February 13, 2020) (hours work is defined as the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so).

24.    Furthermore, through its policy and practice of requiring Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees to perform pre-shift COVID-19 temperature checks and complete COVID-19 questionnaires before clocking in, Defendants clearly violated Labor Code §§1194 and 1197. In July 2021, the California Labor Commissioner issued guidelines about how to safely return to the workplace. *See*

https://www.dir.ca.gov/covid19/FAQs_COVID-19_Safe_Reopening.htm.   In   Question   10,   the DLSE asked and answered the following:

> **"10. Q: Must my employer pay me for time spent at my employer's worksite completing certain medical checks (including temperature checks) before beginning a shift?**
>
> A: **Yes**. Employers must pay workers for all hours worked, including time that a worker is under the control of the employer. Employers that require their workers to complete a medical check in order to begin a shift, even if it is recommended under public health orders, must compensate workers for that time worked.
>
> The term "hours worked" means the time during which a worker is subject to the control of an employer and includes all the time the worker is suffered or permitted to work, whether or not required to do so. Under this definition, one way to determine whether time a worker spends performing a task is compensable—that is, whether it is time "worked"—is whether the employer exercised control over the worker by requiring the worker to perform that task.
>
> ***If an employer requires that all workers perform a medical check (such as a temperature check) onsite before beginning a shift, the time completing the medical check, including any time waiting in line, would constitute time worked. This requirement applies even if such tasks were performed pursuant to a state or local public health guideline, because the check is done at the request and thus under the control of the employer.***" (emphasis added).

25.    As a result of Defendants' policy and practices described above, Defendants therefore regularly failed to pay Plaintiff, the Class, and all Aggrieved Employees for all hours worked in violation of Labor Code § 1194 and 1197.

26.    Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law, or by an order of the commission a civil penalty, restitution of wages, and liquidate damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid….[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. As set forth above, Defendants failed to compensate Plaintiff, the Class, and all aggrieved employees for all hours worked. Accordingly, through PAGA and to the extent permitted by law Plaintiff, the Class, and all aggrieved employees are entitled to recover liquidated damages for violations of Labor Code § 1197.1. Based upon these same factual allegations,

Plaintiff, the Class, and the other aggrieved employees are entitled to penalties under Labor Code § 1199.

27.     Similarly, Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff, the Class, and the other aggrieved employees experienced on a regular basis, are not paid for all hours worked under Labor Code § 1194, the employees may recover minimum wages for the time for which they received no compensation.

28.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff, the Class, and the Aggrieved Employees could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

29.     Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees were not paid for all hours worked while employed by Defendants and thus were not paid all overtime wages owed. Here, Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees were not compensated for time spent undergoing COVID-19 temperature checks and completing COVID-19 questionnaires pre-shift. This additional time spent subject to Defendants' control, pushed many Class Members', the FLSA similarly situated employees', and Aggrieved Employees' shifts over eight hours and over forty hours per week. Accordingly, all time over eight hours per shift  should have been paid at the applicable overtime rate. As a result, Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees were denied compensation for all overtime hours worked, in violation of Cal. Labor Code § 510, 1194, and 1198, and the FLSA.

30.     As to Plaintiff, the Wage Statement Subclass, the FLSA similarly situated

employees, and all Aggrieved Employees, Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a).

31.     Defendants knowingly and intentionally failed to pay Plaintiff, all Wage Statement Subclass Members, the FLSA similarly situated employees, and all aggrieved employees all minimum wages and overtime wages associated with COVID-19 temperature checks and COVID-19 questionnaires as well as meal period premiums. Moreover, Plaintiff, all Wage Statement Subclass Members, the FLSA similarly situated employees, and all aggrieved employees also suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to readily and easily determine the information required to be set forth by Section 226(a). Specifically, Plaintiff, all Wage Statement Subclass Members, the FLSA similarly situated employees, and the aggrieved employees were unable to determine the actual and accurate total hours worked by the employees, the gross wages earned, the net wages earned, since time spent on COVID-19 checks and questionnaires was always done off the clock and pre-shift and meal period premiums were not provided for missed and/or non-compliant meal periods.

32.     Plaintiff, the Wage Statement Subclass the FLSA similarly situated employees, and the aggrieved employees will prevail on their claim for PAGA penalties under Labor Code § 226(a) without having to show injury or willfulness. *See Lopez v. Friant & Assocs., LLC*, 15 Cal.App.5th 773, 788 (2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1)."); *Raines v. Coastal Pacific Food Distributors, Inc.*, 23 Cal.App.5th 667, 679 (2018) (finding that the "requirements for a section 226(e) claim do not apply to a PAGA claim for a violation of section 226(a).").

33.     Under Labor Code §§ 201-202, an employer must provide an employee wages at the time or discharge or within up to seventy-two (72) hours of their resignation. Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

34.     As described in detail above and below, Defendants failed to pay Plaintiff, the

Class, the FLSA similarly situated employees, and other aggrieved employees whose employment with Defendants have now ended, all wages owed, including but not limited to minimum and overtime wages for COVID-19 checks and questionnaires as well as meal period premiums within the time constraints proscribed in Labor Code §§ 201-202 at the time of their termination/separation. Thus, as result of Defendants' faulty policies described above, Plaintiff, the Class, the FLSA similarly situated employees, and all aggrieved employees ended their employment with Defendants without being compensated for each and every hour worked at the appropriate rate in violation of Labor Code §§ 201, 202, 203.

35.    Labor Code § 204 expressly requires that "[a]ll wages...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

36.    Due to Defendant's failure to pay all minimum and overtime wages due to Plaintiff, the Class, the FLSA similarly situated employees, and all aggrieved employees for time associated with COVID-19 checks and questionnaires, as well as meal period premiums for missed and/or non-compliant meal periods Defendants failed to timely pay Plaintiff, the Class, the FLSA similarly situated employees, and all aggrieved employees all wages owed within seven (7) days of the close of the payroll period in accordance with Labor Code § 204(d) on a regular and consistent basis.

37.    Pursuant to Labor Code Section 210, as amended,

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:
   (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
   (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.
(b) The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3. The

procedures for issuing, contesting, and enforcing judgments for citations issued by the Labor Commissioner under this section shall be the same as those set forth in subdivisions (b) through (k), inclusive, of Section 1197.1.

(c) An employee is only entitled to either recover the statutory penalty provided for in this section or to enforce a civil penalty as set forth in subdivision (a) of Section 2699, but not both, for the same violation.

38.     Here, Plaintiff seeks to recover all penalties available under Labor Code Section 210 for Defendants' violations of Labor Code Section 204.

39.     Under Labor Code § 512, an employer must provide an employee a second thirty (30) minute duty free meal break after working more than ten (10) hours. Labor Code § 512 provides "[A]n employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes…".

40.     Under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable." The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable.***

*Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal.4th 1004, 1033 (2012) [emphasis added].

41.     Here Defendants failed to provide Plaintiff, the Class, the FLSA similarly situated employees, and other Aggrieved Employees, a second meal break on shifts of at least ten (10) hours. Plaintiff worked ten hours shifts approximately two times per month without receiving a second meal break.

42.     Defendants also failed to pay Plaintiff, the Class, the FLSA similarly situated employees, and the other Aggrieved Employees meal period premiums for each workday that the employees did not receive a compliant second meal period. Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial

Welfare Commission ("IWC"). Similarly, IWC Wage Order No. 8-2001 further obligates employers to provide an employee to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Accordingly, for each day that Plaintiff, the Class, the FLSA similarly situated employees, and all Aggrieved Employees did not receive compliant meal periods, they are entitled to receive meal period premiums pursuant to Labor Code § 226.7 and IWC Wage Order No. 8-2001. Unfortunately, Plaintiff, the Class, the FLSA similarly situated employees, and the Aggrieved Employees were not compensated with one (1) hour's worth of pay at their regular rate of compensation when they were not provided with a compliant meal period in violation of Labor Code § 226.7 and IWC Wage Order No. 8-2001

43.     The administrative prerequisites of PAGA have been satisfied and Plaintiff has also paid the $75.00 fee and has otherwise satisfied the administrative prerequisites of PAGA.

44.     Plaintiff by this action seeks to recover, on behalf of herself and all other current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA, as specified in Labor Code § 2699(f). Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Class certification of the PAGA claims is not required. *Id.*

## COLLECTIVE ACTION ALLEGATIONS

45.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants in California are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation for at least two years prior to the filing of this Complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for

1    the purpose of collectively adjudicating their claims for overtime compensation, liquidated

2    damages (or, alternatively, interest), and attorneys' fees under the FLSA.

3                              **CLASS ACTION ALLEGATIONS**

4          46.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a

5    class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Plaintiff seeks to

6    represent a Class composed of and defined as: Plaintiff and all other hourly-paid individuals who

7    are or were employed by Defendant, in California and who worked at least one pay period in

8    California from four year prior to the filing of this Complaint through the present and ongoing

9    (hereinafter "Class Members"). All such Class Members were subject to Defendants' unlawful

10   policies including, Defendants' failure to pay minimum and overtime wages for all compensable

11   time, Defendants' failure to issue compliant wage statements, Defendants' failure to keep accurate

12   payroll records, Defendants' failure to pay final wages, Defendants' failure to pay timely wages,

13   and Defendant's failure to provide compliant meal periods.

14         47.     This action has been brought and may properly be maintained as a class action

15   under Federal Rule of Civil Procedure 23 because all elements of Rule 23(a) and (b)(3) are

16   satisfied here:

17               a.     <u>Numerosity</u>: The potential members of the Class as defined are so numerous

18   that joinder of all the members of the Class is impracticable. While the precise number of Class

19   Members has not been determined at this time, Plaintiff is informed and believes that Defendants

20   have employed several hundred Class Members as hourly-paid workers in California who were

21   subject to Defendants' unlawful compensation, wage statement, final pay, and meal period

22   policies. The Class Members are dispersed throughout California. Joinder of all members of the

23   proposed classes is therefore not practicable.

24               b.     <u>Commonality</u>: There are questions of law and fact common to Plaintiff and

25   the Class that predominate over any questions affecting only individual members of the Class.

26   These common questions of law and fact include, without limitation:

27                   i.   Whether Defendants violated sections 1194 and 1197 of the Labor Code by

28   failing to pay minimum wages for all hours worked, including for pre-shift time associated with

COVID-19 temperature checks and questionnaires;

ii. Whether Defendants violated section 510 of the Labor Code by failing to pay overtime wages;

iii. Whether Defendants failed to provide Plaintiff and the members of the Class compliant wage statements in violation of Labor Code Section 226(a);

iv. Whether Defendants violated Sections 201-203 of the Labor Code by failing to pay all final wages to members of the Class whose employment with Defendants ended;

v. Whether Defendants violated Sections 204 and 210 of the Labor Code by failing to pay member of the Class all wages due on a timely basis;

vi. Whether Defendant violated Labor Code sections 226.7 and 512 and Section 11 of IWC Wage Order No. 8 by failing to provide timely, duty-free second meal periods to Plaintiff and the members of the Class in California during the Class Period on shifts more than ten hours in length;

vii. Whether Defendant violated Labor Code section 226.7 by failing to provide one hour of premium pay to each member of the Class for each day that a timely, duty-free second meal period was not provided in California during the Class Period on shifts more than ten hours in length;

viii. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class all minimum owed during the Class Period;

ix. Whether Defendant engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and the members of the Class with all overtime wages owed during the Class Period;

x. Whether Defendant engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide Plaintiff and the members of the Class with timely, duty-free second meal breaks during the Class Period on shifts more than ten hours in length;

xi. Whether Defendant engaged in an unfair practice and violated section 17200

of the California Business and Professions Code by failing to provide Plaintiff and members of the Class with meal period premiums for each day they were not provided a second compliant meal break on shifts more than ten hours in length;

xii.    Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

xiii.   The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xiv.   The nature and extent of class-wide damages.

a.    Typicality: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

b.    Adequacy of Representation: Plaintiff are members of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

c.    Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by failing to pay all wages due and will thereby effectuate California's strong public policy of protecting employees from

deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants', due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
**[Cal. Labor Code §§ 1194, 1197]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the Class is certified.

50.     Labor Code § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful. Similarly, Labor Code § 1194 entitles "any employee receiving less than the legal minimum wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage." IWC Wage Order 8-2001 also obligates employers to pay each employee minimum wages *for all hours worked*. These minimum wage standards apply to each hour employees worked for which they were not paid. Therefore, an employer's failure to pay for any particular hour of time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.

51.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

52.     Here, Defendants required Plaintiff and the Class to regularly perform work-off-the-clock for which they did not receive any compensation. Specifically, as part of their uniform employment policies Defendants required Plaintiff and all Class Members to undergo COVID-19 temperature checks and complete COVID-19 questionnaires before entering Defendants' premises at the start of their shift. Although Defendants maintained a common policy and practice of requiring Plaintiff and the Class to stand/wait in line for COVID-19 temperature checks and questionnaires, Defendants failed to compensate Plaintiff and the other Class for such time.

53.     Labor Code § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

54.     Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194. Where an employee, such as Plaintiff and the other Class members, is not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage]; *accord Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) 2016 U.S. Dist. LEXIS 172319, at *20-21.

55.     Plaintiff and the other Class Members suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

56.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, penalties attorney's fees, and costs to the extent permitted by law.

///
///

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**[Cal. Labor Code § 510]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

57.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraph.

58.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work.

59.     Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

60.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

61.     Plaintiff and the Overtime Aggrieved Employees worked over eight hours per day and were not paid overtime wages. Defendant violated Labor Code § 510 by failing to pay Plaintiff and the Class their overtime wages

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**[FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]**
**(Section 216(b) Collective Action Claim)**

62.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.     Section 207(a)(1) of the FLSA provides: Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

64.     Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate Plaintiff and similarly situated employees in California for all hours worked in excess of 40 hours in a week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

65.     During the relevant time period, Plaintiff and similarly situated employees in California were regularly permitted, encouraged, and/or required to work in excess of forty hours per week, specifically including the pre-shift COVID-19 screenings and temperature checks, but were not paid all such overtime work at the legally-required overtime rate of 1.5 times their regular rate of pay. Instead, Defendant failed to pay overtime wages altogether because time spent by Plaintiff and similarly situated employees undergoing COVID-19 temperature checks and completing COVID-19 questionnaires pre-shift went unpaid.

66.     During the relevant time period, Plaintiff and similarly situated current and former employees in California were non-exempt for purposes of the overtime requirements set forth in the FLSA. In addition, during the relevant time period, Plaintiff and other similarly situated employees in California consistently worked more than 40 hours per week.

67.     By failing to pay correctly overtime compensation due to Plaintiff and similarly situated employees in California, Defendants willfully and knowingly violated the provisions of the FLSA which require overtime compensation to non-exempt employees. Accordingly, the three-year statute of limitations applicable to willful violations of the FLSA applies here.

68.     As a result of Defendants' policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiff and similarly situated employees have been damaged.

69.     As a result of the unlawful acts of Defendants, Plaintiff and all similarly situated employees have been deprived of overtime compensation due to them in the amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. § 216(b). Plaintiff and other persons employed or formerly employed by Defendant as employees who may opt into this collective action pursuant to 29 U.S.C. § 216(b) request relief as described below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
**[Cal. Labor Code § 226(a) and (e)]**
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass**
**(Rule 23 Class Action Claim)**

70.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified. The members of the Class who worked for Defendants during the actionable period for this cause of action constitute the Wage Statement and Penalty Subclass.

72.     Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

73.     Defendants knowingly and intentionally failed to pay Plaintiff and all Wage

1    Statement Subclass Members all minimum and overtime wages associated with COVID-19
2    temperature checks and questionnaires as well as meal period premiums for missed and/or non-
3    compliant meal periods. Moreover, Plaintiff and all Wage Statement Subclass Members also
4    suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to
5    readily and easily determine the information required to be set forth by Section 226(a).
6    Specifically, Plaintiff and the Wage Statement Subclass Members were unable to determine the
7    actual and accurate total hours worked by the employees, the gross wages earned, the net wages
8    earned, since time spent on COVID-19 checks and completing COVID-19 temperature checks was
9    always done off the clock and pre-shift and meal period premiums were not paid for missed and/or
10   non-compliant meal periods.

11   74.    Defendants' violation of Labor Code § 226 was knowing and intentional. *See*
12   *Garnett v. ADT LLC* 139 F. Supp. 3d 1121, 1131 (E.D. Cal. Oct. 6, 2015) (finding that the
13   defendant knowingly and intentionally violated Labor Code § 226 because the "[d]efendant knew
14   that it was not providing total hours worked to plaintiff or other employees paid on commission"
15   even though it believed that employees paid solely on commission or commission and salary "are
16   exempt and therefore we do not record hours on a wage statement").

17   75.    As a result of Defendants' failure to issue compliant wage statements to Plaintiff
18   and the Wage Statement Subclass Members (i.e., those members of the class who were employed
19   by Defendants during the actionable period for this cause of action) in violation of section 226(a)
20   of the California Labor Code, Plaintiff and the Wage Statement Subclass Members are each
21   entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not
22   exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the wage
23   statement subclass from Defendants pursuant to section 226(e) of the Labor Code, costs and
24   reasonable attorneys' fees.

25   ///
26   ///
27   ///
28   ///

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**[Cal. Labor Code §§ 201-203]**
**On behalf of Plaintiff and the Late Wages Subclass**
**(Rule 23 Class Action Claim)**

76.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77.    The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected or the Class is certified.

78.    Under Labor Code §§ 201-202, an employer must provide an employee wages at the time or discharge or within up to seventy-two (72) hours of their resignation. Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

79.    As described in detail above, Defendants failed to pay Plaintiff and Class Members whose employment with Defendants has now ended, all wages owed, including but not limited to minimum and overtime wages for COVID-19 checks and questionnaires, as well as meal period premiums for missed and/or non-compliant meal periods, within the time constraints proscribed in Labor Code §§ 201-202 at the time of their termination/separation. Thus, as result of Defendants' faulty policies described above, Plaintiff and all Class Members left their employment with Defendant without being compensated for each and every hour worked at the appropriate rate in violation of Labor Code §§ 201, 202, 203, thus triggering 30 days of wage claims for each former employee.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES ON A TIMELY BASIS**
**[Cal. Labor Code §§ 204, 210]**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

80.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

81.     Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the wages are paid not more than seven calendar days after the end of the pay period.

82.     Due to Defendants' failure to pay Plaintiff and the Class Members for time associated with COVID-19 checks and questionnaires, as Defendant's failure to pay s meal period premiums for missed and/or non-compliant meal periods, Defendants violated Labor Code § 204 by failing to pay all wages due within seven (7) days of the close of the payroll period on a regular and consistent basis. *See Parson v. Golden State FC, LLC,* 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

83.     Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the Class are entitled to recover penalties under Labor Code § 210.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE TIMELY AND DUTY-FREE SECOND MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order 8-2001 Section 11**
**On behalf of Plaintiff and the Class**
**(Rule 23 Class Action Claim)**

84.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

85.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial

1   Welfare Commission."

2      86.     Section 512(a) of the California Labor Code provides, in relevant part, that: An

3   employer may not employ an employee for a work period of more than five hours per day without

4   providing the employee with a meal period of not less than 30-minutes, except that if the total

5   work period per day of the employee is no more than six hours, the meal period may be waived by

6   mutual consent of both the employer and employee. An employer may not employ an employee

7   for a work period of more than 10 hours per day without providing the employee with a second

8   meal period of not less than 30-minutes, except that if the total hours worked is no more than 12

9   hours, the second meal period may be waived by mutual consent of the employer and the employee

10   only if the first meal period was not waived.

11      87.     Here Defendant failed to provide Plaintiff, and the Class, a second meal break on

12   shifts of at least ten (10) hours. Plaintiff worked ten hours shifts approximately two times per

13   month without receiving a second meal break.

14      88.     As a result, for each day on which Plaintiff and other Class members were not

15   provided a second meal break, Plaintiff and the Class Members are entitled to recover one hour of

16   premium pay pursuant to Labor Code section 226.7 and Section 11 of the IWC Wage Order

17
18
**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class**
19

20      89.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth

21   in the preceding paragraphs.

22      90.     Section 17200 of the California Business & Professions Code prohibits any

23   unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows

24   "any person who has suffered injury in fact and has lost money or property" to prosecute a civil

25   action for violation of the UCL. Such a person may bring such an action on behalf of herself and

26   others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

27      91.     Under section 17208 of the California Business and Professions Code, the statute of

28   limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for

1    this cause of action is four years prior to the filing of this Complaint through the present, and on-

2    going until the violations are corrected or the Class is certified.

3         92.    Section 90.5(a) of the Labor Code states that it is the public policy of California to

4    enforce vigorously minimum labor standards in order to ensure employees are not required to work

5    under substandard and unlawful conditions, and to protect employers who comply with the law

6    from those who attempt to gain competitive advantage at the expense of their workers by failing to

7    comply with minimum labor standards.

8         93.    As a direct and proximate result of Defendants' unlawful business practices,

9    Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from

10   its unlawful, unfair, and/or fraudulent acts and practices.

11        94.    Plaintiff and similarly situated Class Members are entitled to monetary relief

12   pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid minimum and

13   overtime wages due and unpaid meal period premiums and interest thereon, from at least four

14   years prior to the filing of this complaint through to the date of such restitution, at rates specified

15   by law. Defendants should be required to disgorge all the profits and gains it has reaped and

16   restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully

17   taken.

18        95.    Through its actions alleged herein, Defendants have engaged in unfair competition

19   within the meaning of section 17200 of the California Business & Professions Code, because

20   Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by

21   wrongfully denying them minimum and overtime wages, as well as meal period premiums, and

22   therefore was substantially injurious to Plaintiff and the Class Members.

23        96.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of

24   the California Business & Professions Code by violating Sections 226.7, 512, 510, and 1194 of the

25   California Labor Code.

26        97.    Defendants' course of conduct, act and practice in violation of the California laws

27   mentioned above constitute independent violations of sections 17200 et seq. of the California

28   Business and Professions Code.

98.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

99.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

**NINTH CAUSE OF ACTION**
**LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**PAGA PENALTIES FOR LABOR CODE VIOLATIONS**
**(Labor Code §§ 2698-2699.5)**
**On Behalf of Plaintiff, the LWDA and the PAGA Covered Employees**

100.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

101.    Plaintiff and the "Aggrieved Employees" under PAGA, i.e., those employees who, during the PAGA Period, suffered the Labor Code violations alleged herein; specifically, violations of §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and 1199 of the Labor Code bring claims under PAGA. Plaintiff was employed by Defendants during the one year preceding the submission of a PAGA letter to the LDWA on or around March 22, 2022. As such, she seeks to recover, on behalf of herself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA.

102.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties will be allocated 75% to the Labor Workforce Development Agency and 25% to the affected employees.

103.    The aggrieved employees are Plaintiff and all other California residents who are or were employed by Defendant and who worked at least one pay period in California during the PAGA Period. These employees were subject to the aforementioned Labor Code violations, during the period of time from one year prior to the submission of Plaintiff's letter to the LDWA on March 22, 2022 through the present and on-going, i.e., from March 21, 2021 to the present.

104.    Further, Plaintiff, and the Aggrieved Employees, need not demonstrate or prove that Defendants' conduct in refusing to provide itemized wage statements was knowing, intentional, or willful. *Lopez v. Friant & Assocs., LLC*, cited above; *see also Willner v. Manpower Inc.* 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014) (To obtain judgment on a PAGA claim, "all [plaintiff] needs to establish is a violation of section 226(a), which she has done, as discussed above."); *McKenzie v. Fed. Exp. Corp.* 765 F.Supp.2d 1222, 1232 (C.D. Cal. 2011) (holding that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and need not establish a Section 226(e) injury."); *Aguirre v. Genesis Logistics*, 2013 U.S. Dist. LEXIS 189815, at *28 (C.D. Cal. July 3, 2013) ("Plaintiff do not need to establish a Cal. Lab. Code § 226(e) injury to recover penalties under § 2699(f) of PAGA.").

105.    Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009), 46 Cal.4th 969. Therefore, class certification hereby of the PAGA claims is not required. *Id.*,

106.    Pursuant to Labor Code § 2699.3 (a), on March 22, 2022 and May 4, 2022, Plaintiff gave written notice by certified mail to Defendants, and to the Labor and Workforce Development Agency ("LWDA") of her claims, including the facts and theories supporting all claims outlined in this Complaint. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the pursuit of her PAGA claim on behalf of herself and all other current and former aggrieved employees of Defendants.

## JURY DEMAND

107.    Plaintiff hereby demands trial by jury of her and the Class' claims against Defendants, except for the PAGA and UCL claims which will be tried to the Court.

///

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and the members of the Class, the FLSA similarly situated employees, and the LWDA and the Aggrieved Employees, prays for judgment against Defendants as follows:

1. An Order than this action may proceed and be maintained as a class action;

2. On the First Cause of Action:

    a. A declaratory judgment that Defendants have violated California Labor Code sections 1194 and 1197 in failing to pay Plaintiff, the Class and the Aggrieved Employees all minimum wages due;

    b. An award to Plaintiff and the other members of the Class in the amount of their unpaid minimum wages owed, plus interest and/or liquidated damages during the Class Period, as well as attorneys' fees under Labor Code section 1194;

3. On the Second Cause of Action:

    a. A declaratory judgement that Defendant violated Labor Code § 510 in failing to pay Plaintiff, the Class and the Aggrieved Employees all overtime wages due;

    b. An award to Plaintiff and the other members of the Class in the amount of their unpaid overtime wages owed, plus interest and/or liquidated damages during the Class Period, as well as attorneys' fees under Labor Code section 1194;

4. On the Third Cause of Action:

    a. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former employees of Defendant at any time during the two years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty hours in a week during the past three years, but were not paid overtime as required by the FLSA;

    b. A declaratory judgment that Defendant has violated the overtime provision of the FLSA, 29 U.S.C. § 207, as to the Plaintiff and similarly situated persons who opt into this action;

    c. A declaratory judgment that Defendnat's violations of the FLSA were

1  willful;

2      d.    An award to Plaintiff and other similarly situated persons who opt into this

3  action of damages in the amount of unpaid overtime compensation to be proven at trial, pursuant to

4  the FLSA;

5      e.    An award to Plaintiff and other similarly situated persons who opt into this

6  action of liquidated damages in an amount equal to the overtime compensation shown to be owed

7  to them pursuant to 29 U.S.C. § 216(b); or, if liquidated damages are not awarded, then in the

8  alternative, prejudgment interest;

9      f.    An award to Plaintiff and other similarly situated persons who opt into the

10  action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

11      5.    <u>On the Fourth Cause of Action</u>:

12      a.    A declaratory judgment that Defendants violated California Labor Code

13  §226 by failing to issue compliant wage statements to Plaintiff, the Aggrieved Employees and the

14  wage statement subclass members;

15      b.    An award to Plaintiff and Wage Statement Subclass Members of $50 for

16  each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent

17  pay period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of

18  the Class, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code §

19  226(e).

20      6.    <u>On the Fifth Cause of Action</u>:

21      a.    A declaratory judgment that Defendants have violated California Labor

22  Code sections 201-203 in failing to pay Plaintiff and the Class all final wages due;

23      b.    An award to Plaintiff and the other members of the Class whose

24  employment with Defendants ended in the amount 30 days wages under Labor Code sections 201-

25  203;

26      7.    <u>On the Sixth Cause of Action</u>:

27      a.    A declaratory judgment that Defendants violated California Labor Code §§

28  204 and 210;

1         b.      Pursuant to Labor Code §§ 204 and 210, an award to Plaintiff and the Late

2   Wage Subclass for penalties pursuant to Labor Code § 210.

3        8.    <u>On the Seventh Cause of Action</u>:

4         a.      A declaratory judgment that Defendant violated California Labor Code §§

5   226.7, 512 and Section 11 of IWC Wage Order 8-2001;

6         b.      Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class

7   Members for an hour of pay for each day that a timely, duty-free second meal period was not

8   provided during the Class Period

9        9.    <u>On the Eighth Cause of Action</u>:

10        a.      That the Court find and declare that Defendants have violated the UCL and

11  committed unfair and unlawful business practices by failing to pay minimum and overtime wages

12  as well as meal period premiums to Plaintiff and the Class;

13        b.      Restitution, including, but not limited to, the relief permitted by sections

14  226.7, 510, and 1194 of the California Labor Code (i.e., unpaid minimum and overtime wages and

15  meal period premiums owed to Plaintiff and the members of the Class during the Class Period).

16      10.    <u>On the Ninth Cause of Action</u>:

17        a.      A civil penalty against Defendants in the amount of $100 for the initial

18  violations and $200 for each subsequent violation as specified in section 2699(f)(2) of the

19  California Labor Code for Plaintiff and the Aggrieved Employees during all of the pay periods in

20  the one year preceding the submission of Plaintiff's LWDA letter through the present and on-going

21  until the violations are corrected or this subclass is certified;

22        b.      An award of reasonable attorney's fees against Defendants as specified in

23  Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection

24  with the PAGA claims;

25        c.      An award of all costs incurred by the undersigned counsel for Plaintiff in

26  connection with Plaintiff's and Class Members' PAGA claim against Defendants, as provided for

27  in Labor Code § 2699(g)(1).

28  ///

1    11.    All other relief as this Court deems proper.

2

3    Dated: May 27, 2022                    Respectfully submitted,

4                                           ACKERMANN & TILAJEF, P.C.

5

6                          By:    */s/Craig J. Ackermann*

7                                 Craig Ackermann, Esq.
                                  *Counsel for Plaintiff, the Putative Class, the*
8                                 *LWDA, and the Aggrieved Employees*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28